UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
INDIAN CAPITOL DISTRIBUTING, INC.
    Debtor.                                        No. 11-09-11558 SA

CRAIG H. DILL, Chapter 11 Trustee,
    Plaintiff,
v.                                                Adv. No. 09-1111 S

MICHAEL P. MATAYA REVOCABLE TRUST,
    Defendant.

## MEMORANDUM OPINION AFTER
## TRIAL ON THE MERITS

This matter came before the Court for trial on the merits of Craig H. Dill's ("Trustee" or "Plaintiff") Complaint to Recover Preferential Transfer Pursuant to § 547(b) and Fraudulent Transfer Pursuant to § 548 and for Recovery of Postpetition Transfer under § 549. For the reasons set forth below, the Court will issue a Judgment in favor of Plaintiff on the Postpetition Transfer claim and in favor of Defendant on the Preferential Transfer and Fraudulent Transfer claims.

This is a core proceeding. 28 U.S.C. §§ 157(b)(2)(A),(F) and (H)[1]. The postpetition transfer claim is core. See Pollner v. Connecticut Bank and Trust Co., N.A. (In re Harbor Park Assoc. Ltd. Partnership), 112 B.R. 555, 559 (S.D.N.Y. 1990)(A post-petition claim against a non-creditor that affects administration of the estate is a core proceeding.) The fraudulent transfer

---

[1] This Court has subject matter jurisdiction and personal jurisdiction under 28 U.S.C. §§ 157 and 1334. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

claim and the preferential transfer claims are core. See <u>Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)</u>, 4 F.3d 1556, 1561-62 (10th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1114 (1994).

**DISCUSSION**

**A.  Prepetition transfers.**

Section 547(b), which authorizes avoidance of preferential transfers, provides:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made--
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if--
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Section 548(a), which allows avoidance of fraudulent transfers, provides:

> (a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment

-2-

```
          contract) incurred by the debtor, that was made or
          incurred on or within 2 years before the date of the
          filing of the petition, if the debtor voluntarily or
          involuntarily--
               (A) made such transfer or incurred such obligation
               with actual intent to hinder, delay, or defraud
               any entity to which the debtor was or became, on
               or after the date that such transfer was made or
               such obligation was incurred, indebted; or
               (B)(i) received less than a reasonably equivalent
               value in exchange for such transfer or obligation;
               and
               (ii)(I)    was insolvent on the date that such
                          transfer was made or such obligation was
                          incurred, or became insolvent as a
                          result of such transfer or obligation;
                  (II)    was engaged in business or a
                          transaction, or was about to engage in
                          business or a transaction, for which any
                          property remaining with the debtor was
                          an unreasonably small capital;
                  (III)   intended to incur, or believed that the
                          debtor would incur, debts that would be
                          beyond the debtor's ability to pay as
                          such debts matured; or
                  (IV)    made such transfer to or for the benefit
                          of an insider, or incurred such
                          obligation to or for the benefit of an
                          insider, under an employment contract
                          and not in the ordinary course of
                          business.
```

**FACT**

The Plaintiff's evidence of prepetition transfers was ruled inadmissible.

**CONCLUSIONS OF LAW**

Both sections 547(b) and 548(a) require the trustee to prove that there was a transfer of property to a defendant. Therefore, Plaintiff's claims under these sections must be denied.

**B.  Postpetition transfers.**

-3-

Under § 549, a trustee may avoid a transfer of estate property that occurs after the commencement of the case without court approval. Hill v. Kinzler (In re Foster), 275 F.3d 924, 926 (10th Cir. 2001). To recover under that section, the trustee must prove: "(1) a transfer, (2) of property of the estate, (3) made after commencement of the case, and (4) that is not authorized under the Bankruptcy Code or by the bankruptcy court." Devan v. Phoenix American Life Ins. Co. (In re Merry-Go-Round Enter., Inc.), 400 F.3d 219, 224 (4th Cir. 2005). The statute provides:

> **§ 549. Postpetition transactions.**
>
> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate--
> (1) that occurs after the commencement of the case; and
> (2)(A)  that is authorized only under section 303(f) or 542(c) of this title; or
> (B)  that is not authorized under this title or by the court.

11 U.S.C. 549(a). Bankruptcy Rule 6001 discusses the burdens of proof of authorization when a postpetition transfer is challenged:

> **Rule 6001. Burden of Proof as to Validity of Postpetition Transfer.**
>
> Any entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof.

See also Merry-Go-Round, 400 F.3d at 226 (Defendant had not met its burden of proving that post-petition interest payments qualified as "ordinary course of business" transactions that

-4-

would have been authorized under 11 U.S.C. § 1107.)(citing Fed.R.Bankr.P. 6001.)

**FACTS**

1. Indian Capitol Distributing, Inc. ("Debtor") filed a voluntary Chapter 11 proceeding on April 14, 2009. (Doc 1, main case).

2. Michael P. Mataya ("Mataya") is the trustee and sole beneficiary of the Michael P. Mataya Revocable Trust ("Trust").

3. Exhibit 47 consists of a copy of check # 1948 that Mataya on direct adverse examination admitted contained his signature, and was drawn on account xx-14422 which was the Trust checking account.

4. Mataya also testified that account number xx-11208 was the Debtor's general checking account.

5. Exhibits 1, 2 and 3 show three transfers from account xx-11208 into account xx-14422 made on April 17, 2009 in the amount of $4,500; on April 29, 2009 in the amount of $21,000; and on June 10, 2009 in the amount of $4,200. These transfers total $29,700.

6. Mataya was unaware of any attempt to obtain court approval for these transfers.

7. Defendant made no attempt to show any authorization for the transfers.

-5-

8.   Defendant rested its case immediately after Plaintiff rested.

9.   The property transferred was property of the estate because it consisted of funds in Debtor's checking account.

10.  Exhibit 5 is a cash collateral order filed in Debtor's case on April 16, 2009.  It does not authorize payments to Defendant. See main case, doc 10.

11.  On May 22, 2009 the Court conducted a status conference at which it orally denied any further use of cash collateral.  See Exhibit 7 (Minutes of May 22, 2009 status conference.)

12.  On May 28, 2009 the Court orally denied further use of cash collateral.  See Exhibit 8 (Minutes of May 28, 2009 hearing.)

13.  Exhibit 9 is an Order Prohibiting Use of Cash Collateral filed in Debtor's case on May 29, 2009.

14.  The docket contains no other orders authorizing payment or transfers to Defendant.

**CONCLUSIONS OF LAW**

Defendant received three transfers from the Debtor after the filing of the case.  The property transferred was property of the estate.  The transfers were not authorized by the Bankruptcy Code or by Court order.  Defendant did not meet its burden of proof to demonstrate that the transfers were authorized.  The Trustee is entitled to a return of $29,700 consisting of unauthorized

-6-

postpetition transfers. The Court will enter a judgment[2] under sections 549, 550, and 551 against Defendant avoiding the transfers and preserving them for the estate.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: September 29, 2011

Copies to:

James A Askew
Arland & Associates, LLC
201 3rd ST NW, STE 505
Albuquerque, NM 87102-3331

William F. Davis
6709 Academy NE, Suite A
Albuquerque, NM 87109

---

[2] Mataya filed a personal bankruptcy under Chapter 7, Case 7-10-13628-SA, after the trial of this matter. The automatic stay was partially modified in that case by a stipulated order entered on September 16, 2010 that allowed liquidation of this claim but no collection activities without further Court order.

-7-